**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JAMES MICHAEL MURPHY**, | Case No. 3:21-cv-01045-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **UNITED STATES**, | |
| Defendant. | |

James Michael Murphy, Hood River, Oregon 97031. Plaintiff *pro se*.

Sean E. Martin, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

  The United States moves this Court to dismiss Plaintiff's action under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6). ECF 3.[1] Because this Court lacks subject matter

---

  [1] The United States has substituted itself as defendant for Hannah Dockery-Mosebach. *See* ECF 3 at 1 n.1. Plaintiff opposes substitution. *See* ECF 6, ECF 8. As explained in this Opinion, this Court finds substitution is proper.

PAGE 1 – OPINION AND ORDER

jurisdiction over this action under Rule 12(b)(1), and, in the alternative, Plaintiff's claims fail

under Rule 12(b)(6), this Court GRANTS Defendant's Motion to Dismiss, ECF 3.[2]

## STANDARDS

### A.  Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256

(2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the

burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court must

dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A jurisdictional attack brought under Rule 12(b)(1) may be either facial or factual. *See*

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject

matter jurisdiction is based on the assertion that the allegations in the complaint are insufficient

to invoke federal jurisdiction. *Id*. In a factual attack, the movant disputes the truth of allegations

that otherwise would give rise to federal jurisdiction. *Id*. In resolving a factual attack on

jurisdiction, a court may consider evidence extrinsic to the complaint and normally need not

presume the truthfulness of the plaintiff's allegations. *See Terenkian v. Republic of Iraq*, 694

F.3d 1122, 1131 (9th Cir. 2012); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009);

*Safe Air for Everyone*, 373 F.3d at 1039. If the moving party presents evidence demonstrating a

---

[2] Plaintiff has requested a hearing. ECF 6; ECF 8. In the context of the Westfall Act, the Ninth Circuit has explained that an evidentiary hearing is not required, and "would be a futile exercise" where the complaint fails to establish that the individual defendant acted outside the scope of her employment. *Saleh v. Bush*, 848 F.3d 880, 892 (9th Cir. 2017); *see also McLachlan v. Bell*, 261 F.3d 908, 910–11 (9th Cir. 2001) (finding no error in denial of evidentiary hearing "because even viewing the evidence in the light most favorable to [Plaintiff] and accepting his version of events, dismissal was appropriate"). Accordingly, the Court has determined that oral argument would not help it resolve the motion, and pursuant to LR 7-1(d)(1) declines to hear oral argument.

lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.

However, a court may not resolve genuinely disputed facts on a motion to dismiss under 12(b)(1) "when the jurisdictional and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks and citation omitted). "In such a case, the district court assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

## B.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *See Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

## BACKGROUND

Plaintiff, proceeding pro se,[3] filed suit against Dockery-Mosebach in Multnomah County Circuit Court in April 2021. ECF 1-2. The United States substituted itself as defendant for Dockery-Mosebach and removed to federal court. ECF 1; ECF 1-1. Plaintiff brings claims of abuse of process, "malicious prosecution (negligence)," and defamation. ECF 1-2 at 1–2.

---

[3] A pro se litigant's pleadings are liberally construed. *See Lopez v. Smith*, 203 F.3d 1122, 1124, 1127–29 (9th Cir. 2000) (en banc).

## A. Litigation History

By way of background, this Court summarizes the lengthy history of litigation related to Plaintiff's alleged conduct in 2011.[4] Around 2013,[5] Plaintiff, a physician, was notified by Dr. Heidi Kjos, a supervisor at the medical clinic of the Oregon Air National Guard in Portland, Oregon, that a member of the Air National Guard—Dockery-Mosebach—had made a compliant and signed a written statement accusing Plaintiff of performing an unauthorized and unchaperoned gynecological examination during a routine physical examination in November 2011. Plaintiff denies this allegation. *See Murphy v. United States*, No. 3:15-cv-00402-MO (D. Or. Mar. 11, 2015), ECF 1-2 at 2 [hereinafter *Murphy II*]; *Murphy v. United States*, No. 3:16-cv-00665-YY (D. Or. Apr. 19, 2016), ECF 1-2 at 2–3 [hereinafter *Murphy III*]. Dockery-Mosebach allegedly made these statements to members of the Oregon Air National Guard, to law enforcement, and to others, including the media. *See Murphy II*, No. 3:15-cv-00402-MO, ECF 1-2 at 3; *Murphy III*, No. 3:16-cv-00665-YY, ECF 1-2 at 3–4, 7.

In 2014, Plaintiff filed suit against Dockery-Mosebach in Multnomah County Circuit Court alleging defamation arising out of her allegation about the improper medical examination. *See* Complaint at 2, *Murphy I*, No. 14CV06604. On February 6, 2015, the Circuit Court issued a judgment dismissing the complaint against Dockery-Mosebach and awarding her fees and costs.

---

[4] Because Plaintiff's complaint in this case does not provide a full background of the related litigation, this Court relies on the filings in these other, related cases to provide additional background. This Court notes, however, that its rulings in this case are based on the filings and arguments submitted in this case. Unless otherwise noted, citations to the record refer to the instant case.

[5] *But see* Complaint, *Murphy v. Mosebach*, No. 14CV06604 (Multnomah Cnty. Cir. Ct. June 10, 2014) [hereinafter *Murphy I*] (alleging, in his 2014 filing in Multnomah County Circuit Court, that Plaintiff was notified on December 7, 2014).

*See* General Judgment of Dismissal and Money Order, *Murphy I*, No. 14CV06604 (Multnomah Cnty. Cir. Ct. Feb. 6, 2015).

In 2015, Plaintiff again filed suit against Dockery-Mosebach in Multnomah County Circuit Court for slander and defamation related to her reporting of the alleged improper medical examination. *See Murphy II*, No. 3:15-cv-00402-MO, ECF 1-2. The United States substituted itself as defendant in place of Dockery-Mosebach, asserting she was acting within the course and scope of her employment with the Air National Guard, and removed to federal court. *See id.*, ECF1; *id.*, ECF 9. The United States moved to dismiss under the Federal Tort Claims Act ("FTCA"). *Id.*, ECF 7. Plaintiff failed to respond; following an order to show cause, Plaintiff "failed to come forward with any justification for his lack of prosecution," and the court dismissed the action. *Id.*, ECF 12; *see also id.*, ECF 11 (response to order to show cause objecting to removal and substitution).

In 2016, Plaintiff sued Dockery-Mosebach in Multnomah County Circuit Court for defamation and malicious prosecution. *See Murphy III*, No. 3:16-cv-00665-YY, ECF 1-2. The United States again substituted itself as defendant and removed to federal court. *Murphy III*, No. 3:16-cv-00665-YY, 2017 WL 1231071, at *2 (D. Or. Mar. 30, 2017), *report and recommendation adopted,* No. 3:16-cv-00665-YY, 2017 WL 2821937 (D. Or. June 28, 2017), *aff'd,* 744 F. App'x 471 (9th Cir. 2018). The United States moved for dismissal. *Id.* At that point, Plaintiff, through counsel, conceded that the defamation claim was partially issue precluded and the malicious prosecution claim failed to state a claim, but proceeded on "newly discovered defamatory statements." *Id.* at *2. The court dismissed the remaining defamation claims based on res judicata. *Id.* at *3–5.

In 2017, Plaintiff sued Dr. Kjos in Clark County, Washington District Court for defamation, alleging that she "compromised [his] reputation in healthcare." *See Murphy v. United States*, No. 3:17-cv-00659-RBL (W.D. Wash. Dec. 20, 2017), ECF 1-1 at 1 [hereinafter *Murphy IV*]. The United States substituted itself as defendant for Dr. Kjos, asserting she was acting in the course and scope of her employment, and removed to federal court. *Id.*, ECF 1. The United States moved to dismiss under the FTCA. *Id.*, ECF 4. The court denied Plaintiff's challenge to the certification and substitution of the United States, and dismissed for failure to exhaust under the FTCA. *Murphy IV*, No. 3:17-cv-00659-RBL, 2018 WL 721656, at *1–2 (W.D. Wash. Feb. 6, 2018). The court noted the matter was the third suit in federal court arising out of the allegedly unauthorized medical examination in 2011. *Id.* at *1.

In 2018, Plaintiff filed suit against the United States Air Force, President Donald Trump, the Oregon Department of Military, and Governor Kate Brown, among others, alleging violations of his Fourteenth Amendment rights, negligence, breach of contract, and violation of privacy. *See Murphy v. United States Air Force*, No. 3:18-cv-01506-JR (D. Or. Aug. 15, 2018), ECF 1 [hereinafter *Murphy V*]. Plaintiff alleged that he was improperly discharged under less than honorable conditions, stemming from Dockery-Mosebach's allegations about the allegedly improper 2011 medical examination. *Id.* at 7–11. The court explained that Plaintiff's claims against the federal defendants were claim precluded because all claims arose from the same transactional nucleus of fact—the 2011 medical examination—and Plaintiff could have asserted his claims in at least one of his prior suits. *See Murphy V*, No. 3:18-CV-1506-JR, 2019 WL 7188569, at *2 (D. Or. Dec. 26, 2019). The court dismissed the action. *Id.* at *3.

On May 17, 2017, Plaintiff filed for bankruptcy. ECF 1-2 at 1. On December 31, 2018, Dockery-Mosebach filed an adversary proceeding regarding the 2015 Multnomah County Circuit

Court judgment awarded to her for costs and fees, alleging that the debt was non-dischargeable. *Id*.; ECF 3-1 at 2. On April 5, 2021, the bankruptcy court ruled on the proceeding, concluding that because Dockery-Mosebach could not prove all required elements, her claim failed.[6] ECF 3-1 at 2–3.

## B. The Present Action

In April 2021, Plaintiff filed the case currently before this Court. ECF 1-2. Plaintiff alleges that the adversary proceeding filed by Dockery-Mosebach in bankruptcy court "was filed solely for the purposes of further harassment, needlessly incurring additional legal fees, [and] was done with aminus [sic] to drive up the cost of the debt." *Id*. at 1. Moreover, Plaintiff alleges that the adversary proceeding "was an abuse of the civil process," and that "Mosebach filed the adversary proceeding in bankruptcy court as a malicious and deliberate misuse of a regularly issued court process." *Id*. at 2. Additionally, Plaintiff references "provably false and derogatory statements [made] outside the scope of employment or military reporting chain" that render Dockery-Mosebach "subject to a defamation claim." *Id*.

Pursuant to delegated authority, the Chief of the Civil Division of the United States Attorney's Office for the District of Oregon certified that Dockery-Mosebach "was acting within the scope of her employment at the time of the incident out of which Plaintiff's claims arose," and that "this action should be deemed an action brought against the United States, and the United States should be substituted as the defendant in place of" Dockery-Mosebach. ECF 1-1 at

---

[6] Specifically, the bankruptcy court explained that when a creditor seeks a ruling that a debt is non-dischargeable under 11 U.S.C. § 523(a)(6), the creditor "must prove the elements of a tort under applicable state law," in that case, "wrongful use of a civil proceeding." ECF 3-1 at 2. The bankruptcy court found that Dockery-Mosebach failed to produce sufficient evidence that at the time Plaintiff filed his complaint in *Murphy I*, his belief that she had defamed him was unreasonable. *Id*. at 2–3.

2. The United States then removed the case to federal court, ECF 1 at ¶¶ 2–4, and moved to dismiss. ECF 3. The United States first argues that the Plaintiff's allegations regarding false or defamatory statements should be dismissed as claim precluded pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. at 8–11. Second, the United States argues that Plaintiff's abuse of process and malicious prosecution claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id*. at 11–12. Separately, under Rule 12(b)(1), the United States argues that Plaintiff's lawsuit is jurisdictionally barred by the Tort Claims Act and therefore should be dismissed. *Id*. at 12–14. Finally, the United States contends that Plaintiff's action is barred by the applicable statute of limitations. *Id*. at 14–15.

Plaintiff responded to the motion. ECF 6; ECF 8.[7] As to the motion to dismiss, Plaintiff contends that claim preclusion is not applicable to his allegation of abuse of process, and that Dockery-Mosebach "engaged in tortious conduct when she abused a civil proceeding under Oregon law." ECF 8 at 1, 8. Plaintiff also argues that the United States cannot properly substitute itself for Dockery-Mosebach, as she was not within the scope of her employment at the time the adverse proceeding. *See generally* ECF 6; ECF 8. In reply, the United States argues substitution is proper, and in any event, Plaintiff's claims are "futile on fundamental grounds" because he fails to state a claim and his claims are time barred. ECF 7.

---

[7] Plaintiff filed a "motion for judicial review," ECF 6, challenging the United States' substitution for Dockery-Mosebach and moving "for the Court to deny the Government's motion for dismissal," *id*. at 1. Because that motion can be disposed of through this Court's ruling on the Motion to Dismiss, ECF 3, this Court considers the substitution challenge, ECF 6, in conjunction with Plaintiff's "reply" motion, ECF 8.

## DISCUSSION

### A.  Substitution of United States for Dockery-Mosebach

"Under the Federal Employees Liability Reform and Tort Compensation Act, known as the Westfall Act, a federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment." *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1150 (9th Cir. 2003) (citing 28 U.S.C. § 2679(d)(1)). Pursuant to 28 C.F.R. § 15.3, the United States Attorney for the District of Oregon, through the Chief of the Civil Division, certified that Dockery-Mosebach was acting within the scope of her employment at the time of the incident out of which Plaintiff's claims arose, and the United States removed Plaintiff's suit to federal court. ECF 1-1. Certification "conclusively establish[es] scope of office or employment *for purposes of removal*," 28 U.S.C. § 2679(d)(2) (emphasis added), and "[u]pon certification, the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort," *Kashin v. Kent*, 457 F.3d 1033, 1036–37 (9th Cir. 2006) (citing 28 U.S.C. § 2679(d)). *See also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 238 n.5 (2007) (noting certification is conclusive for removal purposes); *Osborn v. Haley*, 549 U.S. 225, 242 (2007); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431–32 (1995) (explaining that upon certification, "[i]f the case was initiated by the tort plaintiff in state court, the Attorney General is to remove it to the federal court").

Plaintiff challenges substitution. ECF 6; ECF 8. The Ninth Circuit has directed that "certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Lamagno*, 515 U.S. at 115. A district court may "resubstitute[e] the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." *Osborn*, 549 U.S. at 242. "The

PAGE 10 – OPINION AND ORDER

plaintiff bears the burden of disproving the certification by a preponderance of the evidence." *Pauly*, 348 F.3d at 1151; *see also Saleh*, 848 F.3d at 889  (explaining "a plaintiff must allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment" (internal quotation marks and citation omitted)).

This Court finds that the certification and substitution as defendant of the United States for Dockery-Mosebach in prior civil litigation is dispositive here.[8] The Westfall Act provides that "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1); *see also Kashin*, 457 F.3d at 1036–37.

The United States has, multiple times, substituted itself as defendant for Dockery-Mosebach on defamation claims arising out of the 2011 medical procedure. *See Murphy II*, No. 3:15-cv-00402-MO; *Murphy III*, No. 3:16-cv-00665-YY.[9] In the instant case, Plaintiff again brings a defamation claim arising out the same allegedly improper 2011 medical examination. *See* ECF 1-2 at 7–8 (noting that the alleged conduct "prompted the original defamation claim, in June 2014"). This Court finds that because the United States certified and was substituted in a prior "civil action arising from the alleged tort," the claim against Dockery-Mosebach is "immune from other civil actions arising from the alleged tort. *Kashin*, 457 F.3d at 1036; *see also Cont'l Cas. Co. v. United States*, No. C 02-4891 VRW, 2004 WL 2216528, at *2 (N.D. Cal.

---

[8] Because the statutory text renders prior substitution dispositive here, this Court declines to engage in a "scope-of-employment" analysis. *See Pauly*, 348 F.3d at 1151 ("State law governs the scope-of-employment inquiry under the Westfall Act.")

[9] *See also Murphy IV*, No. C17-6059RBL (substituting United States for defendant Dr. Kjos).

Sept. 30, 2004) ("Once this substitution occurs, no FTCA claims arising out of the same occurrence may ever be asserted against the federal employee.").

Regarding Plaintiff's other claims, malicious prosecution and abuse of process, the United States argues that "substitution is already appropriate given Plaintiff's defamation claims, which merited the [prior] unchallenged substitution of the United States." ECF 7 at 3. This Court agrees. As the United States notes, the bankruptcy court found the adversary proceeding was "an outgrowth of" the defamation litigation, and therefore, the United States argues, "the bankruptcy proceeding related back to Plaintiff's defamation claims against [Dockery-Mosebach]." *Id.*; *see also* ECF 3-1 (adversary proceeding ruling). "Any other civil action or proceeding for money damages *arising out of or relating to* the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred" under the Westfall Act. 28 U.S.C. § 2679(b)(1) (emphasis added). As the Supreme Court has explained, "[t]he ordinary meaning of [relating to] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with'—and the words thus express a broad pre-emptive purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)); *see also* Related, Black's Law Dictionary (11th ed. 2019) (defining related as "[c]onnected in some way; having relationship to or with something else"). The malicious prosecution and abuse of process claims are associated with or connected to—that is, they relate to—Dockery-Mosebach's reporting of the alleged improper medical procedure performed on her by Plaintiff. This is the same subject matter as in the defamation claim, for which the United States has already been properly substituted.[10] As a

---

[10] As the bankruptcy judge noted:

> This adversary proceeding is an outgrowth of civil litigation filed by [Plaintiff], against [Dockery-Mosebach], in Multnomah County

result, substitution is also proper on the malicious prosecution and abuse of process claims. *See Rutkofske v. Norman*, 114 F.3d 1188, 1997 WL 299382, at *5 (6th Cir. 1997) (unpublished) (finding that because "[t]he conspiracy claim arose out of the same subject matter as the slander claim" for which the United States was properly substituted as defendant, the conspiracy claim "could not be pursued against the individual defendants").

## B.  Plaintiff has not exhausted administrative remedies under FTCA

Because this Court finds the United States is the proper defendant here and substitutes the United States as defendant for Dockery-Mosebach, these claims fall under the FTCA. The FTCA provides a remedy for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b); *see also Tyler-Bennett v. United States*, No. 3:16-CV-2300-SI, 2018 WL 3150676, at *2 (D. Or. June 27, 2018) ("The FTCA waives the United States' sovereign immunity for tort actions and vests federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees."). There are, however, certain jurisdictional limitations to the right to sue under the FTCA. Section 2675(a) "establishes that a FTCA action 'shall not be instituted' against the United States unless the claimant first presents his claim to the 'appropriate Federal agency' and the claim is denied." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) (quoting 28 U.S.C. § 2675(a)); *D.L. by &*

---

Circuit Court in June 2014. . . . [Plaintiff's] June 2014 complaint, filed pro se, accused [Dockery-Mosebach] of making defamatory statements concerning [Plaintiff]. . . . The Multnomah County Circuit Court granted [Dockery-Mosebach's] motion to dismiss and entered a judgment in February 2015 awarding [Dockery-Mosebach] her costs and attorney fees.

ECF 3-1 at 1–2.

*through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim."); *see also Walker v. Chugachmiut*, 46 F. App'x 421, 425 (9th Cir. 2002) ("A suit in which the United States is substituted for a private defendant under Section 314 is subject to the FTCA's requirement that a plaintiff file an administrative claim against the relevant federal agency before an FTCA suit may go forward."). It is undisputed that Plaintiff has failed to present his claim to a federal agency. *See* ECF 4, Cantrell Decl.; ECF 5, Hunt Decl. Failure to exhaust his administrative remedies renders this Court without subject matter jurisdiction over Plaintiff's action, and this matter is properly dismissed under Rule 12(b)(1).

Moreover, 28 U.S.C. § 2680(h) excepts from the FTCA "[a]ny claim arising out of . . . malicious prosecution, abuse of process, libel, [or] slander[.]" The United States cannot be sued, under the FTCA, for abuse of process, malicious prosecution, or defamation—the exact claims Plaintiff brings. *See Meridian Int'l Logistics*, 939 F.2d at 7443 ("Section 2680(h)'s exceptions are jurisdictional in nature."); *Gartner v. S.E.C.*, 913 F. Supp. 1372, 1381 (C.D. Cal. 1995) (citing § 2680(h) for the proposition that "there is no jurisdiction for FTCA claims of libel and slander"). Thus, this Court also lacks subject matter jurisdiction over Plaintiff's suit pursuant to § 2680(h) because the United States is the proper defendant in this action, this action falls under the ambit of the FTCA, and the United States may not be sued for abuse of process, malicious prosecution, or defamation.

## C.  On the Merits, Plaintiff Fails to State a Claim Under Rule 12(b)(6)

Even if this Court were to find it has jurisdiction over Plaintiff's claims, Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), warranting dismissal.

### 1. Defamation

Plaintiff's defamation claim is barred by claim preclusion. *See Murphy*, 2017 WL 1231071, at *3–5. Under claim preclusion, also known as res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997)).

In the instant case, Plaintiff alleges that Dockery-Mosebach made "provably false statements . . . to *at least 50 people* on the Oregon Air National Guard (ORANG) base," that these "statement [were] made to make 'herself feel better',," and that they "prompted the original defamation claim, in June 2014." ECF 1-2 at 1. He alleges further that Plaintiff "made similar statement to an investigative team from the National Guard Bureau (NGB), the Port of Portland Police, the Multnomah County District Attorney's Office, the Oregon Medical Board and the Oregonian." *Id.* at 2. These defamation claims "arise out of the same transactional nucleus of facts" as prior cases brought by Plaintiff regarding this same conduct.[11] *Owens*, 244 F.3d at 714

---

[11] Generally, a court may not consider material beyond the complaint when deciding a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(d) (explaining that if court considers other materials, the motion is converted into a motion for summary judgment under Rule 56). However, a court may do so without converting the motion unto a motion for summary judgment in limited circumstances. A court may take judicial notice of matters of public record, such as court filings, without converting the motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Here, this Court takes notice of "documents on file in federal and state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Additionally, a court may consider other material that has been incorporated by reference. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining a court may consider evidence if: "(1) the complaint refers

(internal quotation marks and citation omitted). In both *Murphy II* and *III*, Plaintiff brought claims against Dockery-Mosebach for slander and defamation related to her statements about the allegedly unauthorized medical procedure. *Murphy II* was dismissed for failure to prosecute, and *Murphy III* was dismissed with prejudice.[12]

The second element of claim preclusion—a final judgment on the merits—is met. An involuntary dismissal, "[u]nless the dismissal order states otherwise, . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). And a dismissal with prejudice "is synonymous with" a final judgment on the merits. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). The third element— identity between parties—is met because the parties are the same in *Murphy II* and *III* and the present suit. The first element— identity of claims—is satisfied when "rights or interests established in the prior judgment would be destroyed or impaired," "substantially the same evidence is presented," the suits "involve infringement of the same right," and the suits "arise out of the same transactional nucleus of facts." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks and citation omitted). First, Defendant's "freedom from liability" following the prior dismissals would be impaired should this claim proceed. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982); *see also Murphy*, 2017 WL 1231071, at *3. Second, had Murphy prosecuted *Murphy II* and proceeded to discovery, the same

---

to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"). The ruling of Bankruptcy Judge Trish Brown also meets this standard, and this Court considers it as part of the pleadings. *See* ECF 3-1; ECF 6 at 36–41.

[12] *See also Murphy V*, 2019 WL 7188569, at *2 (D. Or. Dec. 26, 2019) (finding due process claims related to the 2011 medical examination properly dismissed based on claim preclusion).

evidence would be presented; the same evidence also applies to *Murphy III*. Third, the suits all allege defamation. Fourth, the transactional nucleus of facts is the same for all suits: the 2011 medical examination allegedly performed by Plaintiff on Dockery-Mosebach and her subsequent statements regarding the procedure. Accordingly, Plaintiff's defamation claim is properly claim precluded and dismissed under to Rule 12(b)(6). *See Holcombe v. Hosmer,* 477 F.3d 1094, 1097 (9th Cir. 2007); *Alonso v. CenturyLink Commc'ns*, No. C15-5122 BHS, 2015 WL 4484335, at \*2 (W.D. Wash. July 22, 2015) ("Claim preclusion may be raised in a Rule 12(b)(6) motion.").

## 2. Abuse of Process

To state a claim for abuse of process under Oregon law, Plaintiff must first plead "an ulterior purpose, and second, a wil[l]ful act in the use of the process not proper in the regular conduct of the proceeding," *Larsen v. Credit Bureau, Inc. of Ga.*, 279 Or. 405, 408 (1977), as well as "an actual arrest or a seizure of property," *Reynolds v. Givens*, 72 Or. App. 248, 256 (1985). *See also Voltage Pictures, LLC v. Blake*, No. 3:14-CV-1875-AC, 2015 WL 9272880, at \*4 (D. Or. Dec. 17, 2015) (stating elements of an abuse of process claim under Oregon law); *Lee v. Mitchell*, 152 Or. App. 159, 179 (1998) (approving of *Reynolds*).[13] Plaintiff has not pleaded an arrest—there is no criminal proceeding alleged—or a seizure of property, and therefore this claim is properly dismissed.

---

[13] This Court acknowledges that there appears to be a split of authority in this district, as well as inconsistency among Oregon state courts, regarding this third element. *See generally Voltage Pictures*, 2015 WL 9272880, at \*4–5 (summarizing split). Nevertheless, the final element—arrest or seizure of property—is required by Oregon law. *See id*. at \*4; *see also Benton v. Legacy Health*, No. 3:13-CV-00613-YY, 2017 WL 4574972, at \*2 (D. Or. Aug. 11, 2017), *report and recommendation adopted,* No. 3:13-CV-00613-YY, 2017 WL 4581797 (D. Or. Oct. 12, 2017).

### 3. Malicious Prosecution

Under Oregon law, a defendant is liable for malicious prosecution by "initiating or procuring criminal proceedings, from an improper motive and without probable cause, against another who is not guilty of the offense charged, and who ultimately gains a favorable termination of the proceedings." *Rogers v. Hill*, 281 Or. 491, 497 (1978) (en banc). Plaintiff's allegations do not relate to a criminal proceeding, and as such, Plaintiff fails to state a claim for malicious prosecution under Oregon law.

Construing the pleadings liberally because Plaintiff is a pro se litigant, this Court considers whether Plaintiff has stated a claim for wrongful initiation of a civil proceeding, "the civil counterpart of a malicious prosecution action," and concludes that he has not. *Lee*, 152 Or. App. at 180; *see also Checkley v. Boyd*, 170 Or. App. 721, 736 (2000) (explaining that because malicious prosecution and wrongful initiation of civil proceedings "are so similar," "the legal analysis often is used interchangeably"). The elements of wrongful initiation of a civil proceeding are:

> 1. Commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; 2. Termination of the proceeding in the plaintiff's favor; 3. The absence of probable cause to prosecute the action; 4. The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and 5. Damages.

*Erlandson v. Pullen*, 45 Or. App. 467, 471–72 (1980) (internal quotation marks and citation omitted).

Plaintiff alleges that Dockery-Mosebach commenced a judicial proceeding against him and that this adversary proceeding filed by Dockery-Mosebach was terminated in Plaintiff's favor. *See* ECF 1-2 at 8. Plaintiff also pleads that this proceeding "cost[ ] the plaintiff emotional distress and additional attorney fees." *Id*. Plaintiff has not however sufficiently pleaded a lack of

probable cause and existence of malice under *Iqbal/Twombly*. "'Probable cause' means that the person initiating the civil action 'reasonably believes' that he or she has a good chance of prevailing—that is, he or she has a subjective belief, and that belief is objectively reasonable." *Pereira v. Thompson*, 230 Or. App. 640, 675 (2009) (citation omitted). Plaintiff's allegations are conclusory and do not plausibly suggest that Dockery-Mosebach lacked a reasonable belief she could prevail. *See, e.g.*, ECF 1-2 at 2 (alleging in a conclusory manner that the proceeding was "filed without legal basis," was "friv[olous] and malicious," and "filed without probable cause"). As to malice, the complaint alleges that Dockery-Mosebach commenced the proceeding "with aminus [sic] to drive up the cost of the debt," that the proceeding was "a malicious and deliberate misuse of a regularly issued court process that was not justified by the underlying legal action," and that it was "brought with animus." *Id*. at 7–8. But the complaint fails to reference facts plausibly suggesting malicious intent or an improper primary purpose, and "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also Starr*, 652 F.3d at 1216 (explaining a plaintiff "may not simply recite the elements of a cause of action"); *Iqbal*, 556 U.S. at 678–79 (explaining a court will not credit "legal conclusions that are couched as factual allegations"). Because Plaintiff has merely pleaded the legal elements of the cause of action, rather than pleading specific factual allegations, this claim is also properly dismissed.

### 4. Statute of Limitations

Even if Plaintiff were otherwise able to proceed, his claims for defamation and abuse of process are barred by the applicable statute of limitations.[14]

---

[14] "A statute of limitations defense may be raised by a motion to dismiss 'if the running of the statute is apparent on the face of the complaint.'" *Harris v. UBH of Or., LLC*, No. 3:17-

Under Oregon law, the statute of limitations for defamation claims is one year. O.R.S. 12.120(2). Generally, time begins to run "on the day that the allegedly defamatory statement is made public," though under the "discovery rule," time will not run until the plaintiff learns, or should have learned, that he has a cause of action. *Harris*, 2019 WL 362262, at *1. Plaintiff concedes in his Complaint that he was aware of Dockery-Mosebach's statements by June 2014. ECF 1-2, at 1 (explaining her statements prompted "the original defamation claim, in June 2014"). The instant suit was filed on April 23, 2021, more than one year later. *Id*. at 2.

The relevant statute of limitations for abuse of process is two years under O.R.S. 12.110(1). *Roberts v. Jefferson Cnty.*, No. CIV. 98-524-AS, 1999 WL 1442334, at *4 (D. Or. Oct. 5, 1999). Dockery-Mosebach filed the adversary proceeding against Plaintiff—the gravamen of the abuse of process claim—on December 31, 2018, ECF 1-2 at 1; Plaintiff filed the instant suit more than two years later in April 2021, *id*. at 2. *See also Henley v. U.S. Bancorp*, No. 3:19-CV-00985-AC, 2020 WL 1038086, at *13 (D. Or. Jan. 21, 2020), *report and recommendation adopted,* No. 3:19-CV-00985-AC, 2020 WL 1033537 (D. Or. Mar. 2, 2020) (finding abuse of process claim time barred when defendants filed allegedly improper foreclosure action more than two years prior to the commencement of suit).[15]

---

CV-01296-AA, 2019 WL 362262, at *1 (D. Or. Jan. 28, 2019) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

[15] While the relevant statute of limitations for wrongful use of civil proceedings is also O.R.S. 12.110(1), *Roberts*, 1999 WL 1442334, at *4, because the adversary proceeding was not adjudicated in Plaintiff's favor until April 2021, ECF 1-2 at 8, this claim is not time barred, though it is otherwise subject to dismissal. *See Erlandson*, 45 Or. App. at 471–72 (requiring termination of the proceeding in the plaintiff's favor to plead wrongful use of a civil proceeding); *see also Gilley v. Oregon*, No. CIV 05-1256-KI, 2007 WL 789437, at *3 (D. Or. Mar. 13, 2007) (noting that for malicious prosecution claims, the cause of action does not arise, and time does not begin to run, until a decision is rendered).

**CONCLUSION**

For the foregoing reasons, this Court lacks subject matter jurisdiction over Plaintiff's claims, and, in the alternative, Plaintiff has failed to state a claim, and Defendant's Motion to Dismiss, ECF 3, is GRANTED. Plaintiff's claims are hereby dismissed with prejudice because this Court finds amendment would be futile. *See Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (explaining courts need not give leave to amend "if amendment would be futile"); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**IT IS SO ORDERED**.

DATED this 5th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge